[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 26, 1996 the court heard evidence on the defendant's motions for contempt and the plaintiff's motion to modify visitation. At the plaintiff's request the court also examined a file compiled by the Department of Children and Families concerning the defendant and two other children of his. The contempt motions alleged that the plaintiff failed to obey a prior court order giving the defendant unsupervised visitation with the parties' two-year old daughter on Saturdays from 12:00 noon to 5:00 P.M. The plaintiff asked that the order be modified to supervised visitation because the defendant smokes marijuana and sells drugs while his daughter is with him on Saturday afternoons.
It was not disputed that the plaintiff has not complied with the court's order since the end of April. On a few occasions the defendant was not available, but there were other occasions when he was available, and his daughter was not transported to him as previously ordered. The court will not hold the plaintiff in contempt, however, at this time because it is not clear that her failure to comply with the order was wilful.
There was no evidence that the defendant has smoked marijuana CT Page 5578-UUUU or sold drugs while his daughter is with him. A friend of the plaintiff testified that she had seen such activity when the defendant's other two children were with him, and plaintiff's counsel asked the court to review the DCF file for corroboration of that claim. Not only does that file not corroborate that claim, but it contains a recommendation to the Probate Court in New Haven that the defendant continue to have unsupervised visitation with those young children every other weekend in Waterbury. The file also contains the defendant's criminal record, which does not show any convictions for drug violations.
If the court had any credible evidence supporting the plaintiff's claims, it would be inclined to limit the defendant's visitation as requested. It is obvious that visitation in an environment where illegal drugs are sold or consumed is not in the child's best interest and could be dangerous to her. In the absence of such evidence, the plaintiff's motion is denied.
The plaintiff is ordered to comply with the prior court order or face sanctions for noncompliance. The defendant is ordered not to use marijuana or any other illegal drug during visitation periods or within 24 hours before visitation and not to engage in any illegal activity, including the sale or possession of illegal drugs, during visitation periods.
Shortall, J.